FILED

MAR 2 8 2016

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

**AARON ROBERT MOSSGROVE,**                    :
                                               :
          Plaintiff,                           :       Civ. Act. No. 5:16-CV-_40_ (Bailey)
                                               :       **JURY TRIAL DEMANDED**
v.                                             :
                                               :
**STEVE FALBO,** individually and as an        :
agent and employee of the                      :
City of Follansbee,                            :
                                               :
and                                            :
                                               :
**CITY OF FOLLANSBEE**, a West Virginia :
municipal corporation and political            :
subdivision,                                   :
                                               :
          Defendant.                           :

## COMPLAINT

NOW COMES the Plaintiff, Aaron Robert Mossgrove, by and through his undersigned counsel, Robert G. McCoid, Esq., of McCamic, Sacco & McCoid, P.L.L.C., and, pursuant to 42 U.S.C. § 1983, the federal Constitution, and the Constitution and laws of the State of West Virginia, for his cause of action against Defendants, Steve Falbo and City of Follansbee, pleads and avers as follows:

### I. STATEMENT OF JURISDICTION

1). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  This Court has pendent jurisdiction over all State law claims herein asserted pursuant to *United Mine Workers v. Gibbs*, 388 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## II. GENERAL RECITALS

2). Plaintiff, Aaron Robert Mossgrove (hereinafter "Mr. Mossgrove"), is now and at all times relevant hereto, was, a citizen and resident of the State of West Virginia.

3). Defendant, Steve Falbo ("Defendant Falbo"), is now, and at all times relevant hereto was, a citizen and resident of the State of West Virginia, and is, or was, employed as a law enforcement officer and patrolman by the City of Follansbee, West Virginia, and its Police Department .

4). Defendant, City of Follansbee ("the Defendant City"), is a municipal corporation located in Brooke County, West Virginia, organized and existing pursuant to the laws of the State of West Virginia, is a political subdivision of the State of West Virginia, and is in the business, *inter alia*, of providing various services to the citizenry of such municipality, including law enforcement services.

5). At all times relevant hereto, Defendant Falbo acted both individually and within the scope of his agency as employee, agent, or servant of the Defendant City. At all times relevant hereto, Defendant Falbo acted individually and within the scope of his agency as an employee, agent, or servant of the Defendant City and under color of state law as a police officer.

6). At all times relevant hereto, the Defendant City knew and had actual knowledge of Defendant Falbo's proclivity and tendency to needlessly lose his temper with the citizenry, make false arrests, engage in the use of abusive and profane language with citizens, and employ excessive force when making both lawful and unlawful arrests, all while acting under color of state law, yet the Defendant City, despite its actual knowledge of such facts, nevertheless hired and employed Defendant Falbo and thereafter permitted and authorized Defendant Falbo to continue in the capacity as a

2

police officer and retained him as a police officer, thereby endorsing and ratifying his on-going pattern of unlawful misconduct punctuated by the making of false arrests and the employment of excessive force.  The Defendant City had actual notice of the tendency of Defendant Falbo to make false arrests and employ the use of excessive force in making arrests of any nature.  Specifically, the Defendant City was aware of, and had actual knowledge that Defendant Falbo, while employed by another law enforcement agency before becoming employed by the Defendant City, had erratically lost his temper, lost control of himself, and became unstable, causing the false arrest of an adult woman at the Tudor's Biscuit World drive-through sometime between 2005 and 2015, which prosecution was properly subsequently terminated via a dismissal of charges against the woman.

7). On or about March 28, 2014, at approximately 10:00 p.m., Mr. Mossgrove and an adult female companion were sitting in a lawfully parked automobile in a lot just behind the building in which Mr. Mossgrove's apartment was located in Follansbee, Brooke County, West Virginia.

8). Then and there, Defendant Falbo, while on-duty as a police officer, attired as such, and acting under color of law as a law enforcement officer, approached the vehicle in which Mr. Mossgrove and his female companion were seated and, bizarrely and falsely suggested that they were engaged in a sex act and told them to leave.

9). At no time herein had Mr. Mossgrove and his female companion engaged in, or attempted to engage in, any sexual act of any nature.

10). Mr. Mossgrove advised Defendant Falbo that he was lawfully parked in his usual and customary parking space in the lot in which the automobile in which he was seated was located.

11). Apparently offended, incensed, and irate over a lowly citizen having the utter temerity to both decline to immediately obey his (unlawful) command as if it were the Word of God and audaciously explain why he was permitted to be there to a member of the vaunted Follansbee Police Department, Defendant Falbo advised Mr. Mossgrove that he was under arrest and directed him to exit the vehicle.

12). Mr. Mossgrove began to comply with Defendant Falbo's unreasonable and unlawful directive that he exit his vehicle, but, apparently not moving quickly enough to satisfy Defendant Falbo, Defendant Falbo pulled the door open and forcibly, violently, and illegally removed Mr. Mossgrove from the vehicle.

13). Defendant Falbo thereafter unlawfully battered and choked Mr. Mossgrove, threw him down on the hood or the trunk of a car parked next to the vehicle in which Mr. Mossgrove was seated, causing Mr. Mossgrove's head to strike the same, forced Mr. Mossgrove's hands behind his back without any justification, reasonable suspicion, or probable cause.  Defendant Falbo further battered Mr. Mossgrove, restrained and detained him against his will, and forcibly held Mr. Mossgrove's hands as another law enforcement officer who had subsequently arrived joined Defendant Falbo in battering Mr. Mossgrove and handcuffing him.

14). Defendant Falbo thereafter arrested Mr. Mossgrove for the offenses of "disorderly conduct," "obstructing an officer," and "battery on police officer," old Brooke County classics.

15). At no time during any of the events alleged herein had Mr. Mossgrove engaged in any unlawful conduct or committed any offense for which he could have been subjected to an arrest, warrantless or otherwise.

4

16). Defendant Falbo's use of force on Mr. Mossgrove was excessive, unlawful, unjustified, and unreasonable in relation to the lawful actions of Mr. Mossgrove.

17). Mr. Mossgrove was thereafter imprisoned and held against his will. He eventually posted bond and was released.

18). The foregoing criminal charges were lodged against Mr. Mossgrove in Brooke County Magistrate Court in *State of West Virginia v. Aaron Robert Mossgrove*, Case Nos. 14-M-236, 14-M-237, and 14-M-238. Mr. Mossgrove thereafter retained criminal trial counsel at his own expense to defend against the charges.

19). The matter thereafter proceeded to trial, resulting in Mr. Mossgrove's acquittal relative to the battery on a police officer and disorderly conduct charges. As Mr. Mossgrove's criminal trial counsel appealed his conviction for obstructing an officer, the State of West Virginia, through the Brooke County Prosecuting Attorney, caused the conviction to be vacated by agreement, resulting in a dismissal of the obstructing charge and Mr. Mossgrove's total vindication on all charges that had been lodged against him.

20). Mr. Mossgrove incurred costs and expenses in the form of counsel fees and other costs associated with defending against the specious allegation raised against him.

21). At all times as aforesaid, Defendant Falbo was without lawful justification, authority, or excuse to arrest Mr. Mossgrove, and, despite knowing so, unlawfully arrested Mr. Mossgrove in the absence of process or probable cause.

22). Defendant Falbo effectuated the warrantless arrest of Mr. Mossgrove in the absence of probable cause and in derogation of U.S. CONST. AMDS. I, IV and XIV and W. VA. CONST. ART. III, § 6. Moreover, the conduct of Defendant Falbo in compelling Mr. Mossgrove to exit his vehicle in the absence of any reasonable, articulable suspicion, placing his hands upon Mr. Mossgrove's person in the absence of any reasonable,

articulable suspicion, hurling Mr. Mossgrove down on the hood or trunk of an adjacent vehicle, and thereafter battering Mr. Mossgrove and in causing others to assist in battering Mr. Mossgrove and placing Mr. Mosgrove into custody, and otherwise employing excessive force in effectuating Mr. Mossgrove's arrest violated Mr. Mossgrove's rights secured under U.S. CONST. AMDS. I, IV and XIV and W. VA. CONST. ART. III, § 6.

23). The conduct of Mr. Mossgrove at all time relevant hereto was both lawful and protected.

### III. 42 U.S.C. § 1983 – UNLAWFUL ARREST

24). Mr. Mossgrove repleads *in haec verba* the allegations contained within §§ 1-23 as if the same were set forth fully herein.

25). In negligently, wantonly, recklessly, unlawfully, intentionally and/or maliciously battering and arresting Mr. Mossgrove, and by arresting Mr. Mossgrove and/or procuring his arrest without justification or probable cause and in retaliation for his free exercise of speech and thereafter causing his detention and imprisonment as aforesaid in derogation of Mr. Mossgrove's right to be free from unreasonable searches and seizures as guaranteed by U.S. CONST. AMD. 4, Defendant Falbo, while acting under color of the laws of the State of West Virginia and otherwise, deprived Mr. Mossgrove of his civil rights, including his rights secured and guaranteed to him under U.S. CONST. AMDS. I, IV, and XIV and W. VA. CONST. ART. III, § 6, all within the meaning of 42 U.S.C. § 1983 and otherwise.

26). In acting as aforesaid, Defendant Falbo, individually and as agent for the Defendant City, proximately caused Mr. Mossgrove to sustain, and continue to sustain,

losses and damages, including physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, loss of enjoyment of life, humiliation, aggravation and inconvenience, employment income, unlawful deprivation of his civil rights under color of state law, and other losses and damages, including, but not limited to, damage to his reputation. Additionally, Mr. Mossgrove sustained pecuniary losses and damages in the form of lawyer fees and associated costs relative to defending the criminal charges against him.

## IV. 42 U.S.C. § 1983 – EXCESSIVE FORCE

27). Mr. Mossgrove repleads *in haec verba* the allegations contained within §§ 1-26 as if the same were set forth fully herein.

28). In negligently, wantonly, recklessly, unlawfully, intentionally and/or maliciously battering and arresting Mr. Mossgrove in retaliation for his exercise of protected speech and otherwise and irrespective of the legality of his arrest, Defendant Falbo, in derogation of Mr. Mossgrove's right to be free from unreasonable searches and seizures as guaranteed by U.S. CONST. AMD. IV, while acting under color of the laws of the State of West Virginia and otherwise, used excessive and unnecessarily brutal force on the person of Mr. Mossgrove, thereby depriving Mr. Mossgrove of his civil rights, including his rights secured and guaranteed to him under U.S. CONST. AMDS. I, IV, and XIV and W. VA. CONST. ART. III, § 6, within the meaning of 42 U.S.C. § 1983 and otherwise.

29). In acting as aforesaid, Defendant Falbo proximately caused Mr. Mossgrove to sustain, and continue to sustain, losses and damages, including physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, loss of

enjoyment of life, humiliation, employment income, aggravation and inconvenience, unlawful deprivation of his civil rights under color of state law, and other losses and damages, including, but not limited to, damage to his reputation. Additionally, Mr. Mossgrove sustained pecuniary losses and damages in the form of lawyer fees and associated costs relative to defending the criminal charges against him.

## V. TORT OF OUTRAGE/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30). Mr. Mossgrove repleads *in haec verba* the allegations contained within ¶¶ 1-29 as if the same were set forth fully herein.

31). Defendant Falbo bullied and battered Mr. Mossgrove and acted toward Mr. Mossgrove in a manner which was atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency and with intent to inflict emotional distress on Mr. Mossgrove, or, alternatively, Defendant Falbo acted recklessly in such manner, when it was certain or substantially certain that such distress to Mr. Mossgrove would result from Defendant Falbo's conduct, thereby proximately causing Mr. Mossgrove to suffer emotional distress which was so severe that no reasonable person could be expected to endure it.

32). As a direct and proximate cause of the acts and omissions of Defendant Falbo as aforesaid, Mr. Mossgrove sustained and continues to sustain damages, including physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, loss of enjoyment of life, humiliation, employment income, employment income, aggravation and inconvenience, unlawful deprivation of his civil

8

rights under color of state law, and other losses and damages, including, but not limited to, damage to his reputation.

## VI. BATTERY

33). Mr. Mossgrove repleads *in haec verba* the allegations contained within ¶¶ 1-32 as if the same were set forth fully herein.

34). Defendant Falbo, in acting as aforesaid, battered Mr. Mossgrove, and thereby proximately caused Mr. Mossgrove to sustain damages and losses, including, but not limited to, physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages.

35). As a direct and proximate cause of the acts and omissions of Defendant Falbo as aforesaid, Mr. Mossgrove sustained and continues to sustain damages, including damage to his reputation, severe emotional trauma, physical pain, counsel fees, emotional pain and suffering, embarrassment, humiliation, loss of enjoyment of life, employment income, aggravation and inconvenience, and other losses and damages.

## VII. NEGLIGENT HIRING AND RETENTION

36). Mr. Mossgrove repleads *in haec verba* the allegations contained within ¶¶ 1-35 as if the same were set forth fully herein.

37). The Defendant City, in hiring and/or in later retaining Defendant Falbo as an employee, knew, or, in the exercise of due and reasonable diligence and care, should have known, of his proclivity for violence and predisposition toward making false

arrests, employing excessive force, and engaging in profane abusiveness toward the citizenry proximately.

38). As a direct and proximate result of the City's acts and omissions as aforesaid in hiring and/or in later retaining Defendant Falbo, Mr.  Mossgrove suffered and sustained damages, including extreme fear, torment and suffering of his body and mind, embarrassment, humiliation, employment income, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of counsel fees and other expenses associated with defending against the specious criminal charges lodged against Mr. Mossgrove.

## VIII. NEGLIGENT TRAINING AND SUPERVISION

39). Mr. Mossgrove repleads *in haec verba* the allegations contained within ¶¶ 1-38 as if the same were set forth fully herein.

40). The Defendant City negligently failed to provide adequate training to, and engage in meaningful supervision of, Defendant Falbo commensurate with the training and supervision accorded by law enforcement agencies to law enforcement employees in various areas, including, but not limited to, assessment of probable cause to arrest, dealing with verbally assertive citizens, the circumstances in which arrests may be made, and the continuum of the use of force and the use of force matrix.

41).  As a direct and proximate result of the failure of the Defendant City to provide such supervision and training as aforesaid, Mr. Mossgrove sustained losses and damages, including extreme fear, torment and suffering of his body and mind, embarrassment, humiliation, aggravation and inconvenience, employment income, and other losses and damages, including, but not limited to, pecuniary losses and damages

in the form of counsel fees and other expenses associated with defending against the specious criminal charges lodged against Mr. Mossgrove.

WHEREFORE, your Plaintiff, Aaron Robert Mossgrove, prays for judgment against Defendants, Steve Falbo and City of Follansbee, for his injuries, losses, and damages as aforesaid, exemplary damages, attorney fees as authorized by common law and 42 U.S.C. § 1988, the costs of this action and for such other legal and equitable relief to which he may be entitled. **Plaintiff demands a trial by jury**.

**BRANDON MOSSGROVE,**
Plaintiff.

By:_____
        Of Counsel

Robert G. McCoid, Esq.
West Virginia Bar I.D. No. 6714
**McCAMIC, SACCO
& McCOID, P.L.L.C.**
56-58 Fourteenth Street
Post Office Box 151
Wheeling, WV 26003
(304) 232-6750 (office)
(304) 232-3548 (telefacsimile)
rmccoid@mspmlaw.com

11